%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Teresa Forsythe

## DEFENDANTS
Argos Alliance Group

**(b)** County of Residence of First Listed Plaintiff: **Baltimore City**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Charles A. Gilman, 108 W. Timonium Rd, Ste 203, Timonium MD

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. 1962

Brief description of cause:
Fair Debt Collection Practices Act Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE: 9/29/11

SIGNATURE OF ATTORNEY OF RECORD: _(signature)_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TERESA FORSYTHE<br>1305 Bonsal Street<br>Baltimore, Maryland 21224<br><br>    Plaintiff<br><br>v.<br><br>ARGOS ALLIANCE GROUP, LLC .<br>495 Commerce Drive, Suite 2<br>Amherst, New York 14228<br>SERVE ON:<br>ARGOS ALLIANCE GROUP, LLC .<br>495 Commerce Drive, Suite 2<br>Amherst, New York 14228<br><br>    Defendant | :<br>:<br>:<br>:  CIVIL CASE NO.:<br>:<br>:<br>:  COMPLAINT - CIVIL ACTION<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Teresa Forsythe, Plaintiff, by and through her attorney, Charles A. Gilman and Charles A. Gilman, L.L.C., sues Argos Alliance Group, LLC (hereinafter "Defendant" or "Argos"), Defendant, upon the following averments of fact:

1. That the Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1962 et seq. ("FDCPA").

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. §1367 grants this Court supplemental jurisdiction over the State claims contained herein.

3. That Defendant, Argos Alliance Group, LLC is a New York Corporation engaged in the business of collecting debt in the State of Maryland, Defendant's principal place of business is located at 495 Commerce Drive, Suite 2, Amherst, New York, 14228.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

5. That Plaintiff is a resident of Baltimore City, Maryland, has been a resident of Baltimore City Maryland at all times relevant to the facts alleged in this Complaint and is allegedly obligated to pay a debt, and Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692(a).

6. Pursuant to the definitions outlined in 15 U.S.C. §1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from the Plaintiff, and the Plaintiff is a consumer debtor.

7. Defendant is a debt collector with a principal office in Amherst, New York.

8. Defendant uses instrumentalities of interstate commerce and/or the United States Mail in business, the principal purpose of which is the collection of debts.

9. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

10. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

13. Defendant began calling Plaintiff on approximately September 28, 2011. Defendant calls Plaintiff on her cell phone. Defendant calls several times a day.

14.     Plaintiff repeatedly asked that the Defendant stop calling.

15.     Defendant's employee(s) repeatedly called and threaten Plaintiff that she would be arrested, that she had a judgment entered against her, and that someone would come to her house to collect the alleged debt. The Defendant has threatened legal action.

## COUNT I
### (VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT)

16.     Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

17.     Defendant violated the FDCPA. The Defendants' violations include, but are not limited to the following:

    a.     Defendant violated 15 U.S.C. §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

    b.     Defendant violated 15 U.S.C. §1692d(5) of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse and harass the Plaintiff.

    c.     Defendant violated 15 U.S.C. §1692e(10) of the FDCPA by using deceptive means to attempt to collect a debt.

    d.     Defendant violated 15 U.S.C. §1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

    e.     Defendant violated 15 U.S.C. §1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

    f.     Defendant violated 15 U.S.C. §1692e(2) by misrepresenting the imminence of legal action by the debt collector.

g.      Defendant violated 15 U.S.C. §1692e(5) by threatening legal action that cannot legally be taken or that is not intended to be taken.

WHEREFORE, Plaintiff Teresa Forsythe respectfully requests judgment be entered against Defendant, Argos Alliance Group, LLC. for the following:

1. Statutory damages of One Thousand Dollars ($1,000.00) pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

2. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692k;

3. Any other relief that this Honorable Court deems appropriate.

## COUNT II
### (VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION PRACTICE ACT)

18.    Plaintiff incorporates the previous paragraphs as if fully stated herein and states further:

19.    Defendant violated Maryland Code Ann. Commercial Law §14-202 on several occasions including, but not limited to, September 28, 2011 and September 29, 2011.

20.    Plaintiff has incurred damages as a result of the Defendant's conduct.

WHEREFORE, Plaintiff Teresa Forsythe demands judgment against Defendant Argos Alliance Group, LLC in an amount of Thirty Thousand Dollars ($30,000.00) plus attorneys' fees, interest and costs.

CHARLES A. GILMAN, L.L.C.

_____
Charles A. Gilman
CHARLES A. GILMAN, L.L.C.
108 W. Timonium Road, Suite 203
Timonium, Maryland 21093
(410) 560-4999
*Attorney for Plaintiff*

## JURY TRIAL DEMAND

Plaintiff requests a jury on all issues herein.

_____
Charles A. Gilman